UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALBERT ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> STATEWIDE WRECKER SERVICE, INC., RICHARD JOEL GARNER, BETSY ANNETTE GARNER AND CRYSTAL WHITTINGTON, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:20-CV-03786-JPB |

## **ORDER**

Before the Court is Albert Robinson's ("Plaintiff") Motion for Leave to File a Second Amended Complaint [Doc. 64]. This Court finds as follows:

### **BACKGROUND**

This case arises from the allegedly unauthorized towing of Plaintiff's truck and tractor trailer from the parking lot of a Wal-Mart in Duluth, Georgia. Plaintiff, who is proceeding *pro se*, filed this action in the Superior Court of Gwinnett County on January 9, 2020. Plaintiff filed an amended complaint on April 25, 2020, naming as defendants Statewide Wrecker Service, Inc. ("SWS") and Richard Joel Garner. See [Doc. 2]. In August 2020,[1] Plaintiff filed another amended

---

[1] The exact date of filing is unclear from the record.

complaint in which he named several additional defendants: Betsy Annette Garner, Lashane T. Grice, Daphne Richardson, Crystal Whittington and Wal-Mart Real Estate Business Trust. [Doc. 3, p. 1]. On September 14, 2020, Wal-Mart Real Estate Business Trust removed the case to this Court.[2] [Doc. 1].

On February 22, 2021, Plaintiff filed an amended complaint naming various additional defendants without first seeking this Court's permission to amend. [Doc. 41]. Two groups of defendants filed separate motions to dismiss and/or strike or sanction the unauthorized amended complaint. See [Doc. 50]; [Doc. 52]. On March 25, 2021, the Court denied as moot both motions to dismiss. [Doc. 57]. In that order, the Court noted that Plaintiff failed to comply with Rule 15 of the Federal Rules of Civil Procedure when attempting to amend his complaint and issued instructions to the parties for filing future motions. Specifically, the Court directed Plaintiff to file a motion seeking leave to amend that met the following requirements:

> Such motion shall, in an organized fashion, make arguments directly and clearly addressing each of the following factors: (a) whether there has been undue delay, bad faith, dilatory motive or repeated failure to cure deficiencies by amendments previously allowed; (b) whether allowing amendment would cause undue prejudice to the opposing party; and (c) whether amendment would be futile.

---

[2] Wal-Mart Real Estate Business Trust, Grice and Richardson were subsequently dismissed from the action. [Doc. 44].

2

[Doc. 57, pp. 2–3]. Following the March 25, 2021 order, Plaintiff filed at least ten motions, including, on April 2, 2021, the Motion for Leave to File a Second Amended Complaint ("Motion to Amend"), [Doc. 64], that is currently before the Court. In response to these numerous filings, the Court entered a case management order on May 26, 2021, denying as moot all pending motions except the Motion to Amend and instructing the parties to refrain from filing any motions until the Court ruled on the Motion to Amend. [Doc. 84]. On June 9, 2021, Plaintiff appealed the Court's May 26, 2021 order. [Doc. 86]. The Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal on September 17, 2021, for lack of jurisdiction. [Doc. 97, p. 1]. Following that decision, the parties continued to file motions, thus contravening the Court's May 26, 2021 order. See [Doc. 98]; [Doc. 99]; [Doc. 102]. On October 7, 2021, Plaintiff filed another unauthorized amended complaint, also in violation of the Court's previous orders. [Doc. 99].

Turning to the Motion to Amend, Plaintiff seeks to add Shane Blankenship and Robert Thomas as defendants in the proposed amendment.[3] See [Doc. 64-2, p. 2]. In addition to adding defendants, Plaintiff seeks leave to amend to clarify allegations against the parties.

---

[3] The Court will refer to both the current defendants (SWS, Richard Garner, Betsy Garner and Crystal Whittington) and proposed defendants (Shane Blankenship and Robert Thomas) as "Defendants."

## LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, a trial court should not deny leave to amend "without any justifying reason." Foman v. Davis, 371 U.S. 178, 182 (1962). Justifying reasons to deny leave to amend include: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing Foman, 371 U.S. at 182).

Additionally, because Plaintiff is proceeding *pro se*, this Court has an obligation to "liberally construe" his pleadings. Sarhan v. Mia. Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Importantly, *pro se* litigants must still comply with the Federal Rules of Civil Procedure. Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019). This means that a plaintiff's proposed amendment must comply with Rule 8 by making a short and plain statement of the claim showing that he is entitled to relief. Id.

4

## ANALYSIS

As a threshold matter, the Motion to Amend fails to comply with the Court's March 25, 2021 order. That order instructed Plaintiff to "make arguments directly and clearly addressing" the three factors that justify denying leave to amend and to do so "in an organized fashion." [Doc. 57, pp. 2–3]. Plaintiff's arguments, however, are unfounded, irrelevant or unclear. For example, Plaintiff contends that Defendants (specifically, SWS and Richard Garner) would not be unduly prejudiced by the amendment because "they have not filed any response nor objection to the First Amended Complaint." [Doc. 64-1, p. 9]. This is simply untrue. SWS and Richard Garner filed a motion to dismiss that complaint on September 14, 2020. [Doc. 6]. Notwithstanding the inaccuracy of Plaintiff's arguments, his assertions about Defendants' responses or lack thereof do not speak to the kind of prejudice contemplated by Rule 15. "Rather, undue prejudice under Rule 15 justifying denial of a motion to amend results when the non-moving party would be unfairly disadvantaged by an additional claim." Diversey, Inc. v. Pops Techs., LLC, No. 1:18-CV-04210, 2019 WL 11003292, at *6 (N.D. Ga. Nov. 13, 2019). Plaintiff's proposed amendment adds a number of new claims, yet the Motion to Amend does not discuss why this addition is not unduly prejudicial.

Plaintiff's other arguments are similarly unavailing. As to undue delay, bad faith or dilatory motive, Plaintiff claims that "there have been none of the aforementioned issue[s] initiated on the part of the Plaintiff." [Doc. 64-1, p. 8]. To support this assertion, Plaintiff seems to make an allegation about the filing of false documents by other parties, see id., but the relationship between this allegation and undue delay, bad faith or dilatory motive is unclear. Further, Plaintiff suggests that the amendment would not be futile because the State of Georgia previously concluded that SWS and Richard Garner "violated" certain statutes. Id. at 10. It appears that the Georgia Department of Public Safety responded to a complaint filed by Plaintiff and determined that SWS violated a departmental rule. See [Doc. 64-3, p. 19]. However, a state agency's determination that a rule violation occurred does not translate automatically to liability in this Court and has little bearing on whether an amended pleading would be futile.

Nevertheless, the Motion to Amend is due to be denied on the grounds that the proposed amendment would be futile. Denying leave to amend on futility grounds is justified "'when the complaint as amended is still subject to dismissal.'" Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)). "In other

6

words, the question is whether 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" L.S., ex rel. Hernandez v. Peterson, 982 F.3d 1323, 1332 (11th Cir. 2020) (quoting Hall, 367 F.3d at 1262).

In this case, Plaintiff's proposed amended complaint takes the form of a shotgun pleading. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," which violate Rule 8's requirement that a complaint set forth a short and plain statement of a claim to relief. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). The Eleventh Circuit has explained that shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (quoting Vibe Micro, 878 F.3d at 1295). In sum, tolerating shotgun pleadings is commensurate to tolerating obstruction of justice. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357 (11th Cir. 2018).

Typically, shotgun pleadings have one or more of the following characteristics:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) [combining] multiple claims against multiple defendants without specifying which defendant is responsible for which act.

McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019). These "categories do not have precise and clearly marked boundaries." Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020). Ultimately, the "unifying characteristic" of all shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

The proposed amended complaint exhibits nearly every characteristic of a shotgun pleading. First, the proposed amendment sets forth eleven counts; each claim adopts the allegations of the preceding counts, such that, for example, Count Eleven incorporates by reference one hundred and twenty-five paragraphs. See [Doc. 64-2, p. 29]; see, e.g., Weiland, 792 F.3d at 1322 n.11 (citing cases condemning this practice). Second, the proposed amended complaint is replete with conclusory assertions that are unsupported by specific facts. To illustrate, Plaintiff brings a § 1983 claim in Count Two of the proposed amended complaint against Richard Garner, Betsy Garner, Crystal Whittington, Shane Blankenship and Robert Thomas. Therein, Plaintiff alleges that "Defendants were acting under the cloak of authority given to them by the state thus making [Richard Garner] and his employees state actors as defined in [§] 1983." [Doc. 64-2, p. 9]. Plaintiff

8

presents no facts, though, to support the conclusory assertion that Defendants acted under color of law.

Finally, Plaintiff names six defendants in the proposed amendment and includes various combinations of the parties in the eleven counts.  However, Plaintiff's factual allegations do not specify "which of the defendants are responsible for which acts or omissions."  Weiland, 792 F.3d at 1323.  As Defendants note, "while the Counts appear to reference which defendant they are directed to, the numbered paragraphs largely, if not entirely[,] lump the defendants all in together" and thus "creat[e] a vague conclusion that makes it difficult or impossible to differentiate which claims are addressed to which defendant."  [Doc. 67, p. 8].  For example, Count One is a claim for intentional infliction of emotional distress against Richard Garner, Betsy Garner, Crystal Whittington, Shane Blankenship and Robert Thomas.  Count One alleges that "Defendants RJG, BG, CW, SB and RMT's acts of using false evidence and sending the false information over the internet to a proceeding in a state investigation and to a U.S. Court[] were egregious and are violations" of various federal and state statutes.[4]  [Doc. 64-2, p.

---

[4] As evident in this example, Plaintiff uses acronyms for party names and concepts throughout his filings.  See, e.g., [Doc. 64-1, p. 17] (abbreviating "auto theft scheme" as "ATS").  This is a confusing practice that complicates the Court's review and understanding of the papers.

8]. Not only is this allegation conclusory, it improperly "lumps" together five Defendants. W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) ("In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient." (quoting Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007))).

Accordingly, Plaintiff's proposed amendment is a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit has] condemned repeatedly." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). As a shotgun pleading, the proposed amended complaint would be subject to dismissal and is thus futile.

## CONCLUSION

Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. 64] is **DENIED**. As such, the operative complaint in this action is that which was filed in the Superior Court for Gwinnett County in August 2020. [Doc. 3]. The unauthorized second amended complaint [Doc. 99] is therefore **STRICKEN**. Defendants (i.e., SWS, Richard Garner, Betsy Garner and Crystal Whittington) shall have through and including June 8, 2022, to respond to or answer the Complaint. All pending motions, [Doc. 98]; [Doc. 100]; [Doc. 102], are **DENIED**

as improperly filed.  Finally, the parties are reminded of their obligation to comply with the orders of this Court, including this Court's Standing Order [Doc. 16]; the Federal Rules of Civil Procedure; and the Local Rules of the Northern District of Georgia.

    **SO ORDERED** this 18th day of May, 2022.

                                                                                                J. P. BOULEE
                                                                             United States District Judge