UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALBERT ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>STATEWIDE WRECKER SERVICE, INC., RICHARD JOEL GARNER, BETSY ANNETTE GARNER and CRYSTAL WHITTINGTON,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:20-CV-03786-JPB |

## **ORDER**

Before the Court is Statewide Wrecker Services, Inc. ("SWS"), Richard Joel Garner, Betsy Annette Garner and Crystal Whittington's ("Defendants") Motion to Dismiss Albert Robinson's ("Plaintiff") First Amended Complaint [Doc. 104]. This Court finds as follows:

## **BACKGROUND**

SWS is a Georgia corporation; Richard Garner, Betsy Garner and Crystal Whittington are SWS employees. Id. at 1–2. Plaintiff alleges that Defendants stole his property in a "towing fraud scheme." [Doc. 3, p. 1]. Specifically, Plaintiff claims that on February 14, 2018, he legally parked his pickup truck and travel trailer in the parking lot at 2635 Pleasant Hill Road in Duluth, Georgia, a

property owned by Wal-Mart.[1]  Id. at 3.  Plaintiff contends that a Wal-Mart employee contacted Crystal Whittington, who "dispatched a single rollback to illegally remove Plaintiff's vehicles."  Id.  Then, according to Plaintiff, SWS stored the vehicles in an unregistered area while demanding that Plaintiff pay "illegally inflated towing and storage fees."  Id.  Plaintiff asserts that SWS inflated these fees by uncoupling his pickup truck from the travel trailer to charge him for two tows and by incorrectly classifying his pickup truck in a higher weight class, which entailed a higher towing fee.  Id. at 3–4.

Plaintiff filed a complaint with the Georgia Department of Public Safety (the "GDPS") on February 15, 2018.  Id. at 4.  Plaintiff alleges that after he filed this complaint, Crystal Whittington created a "false" towing agreement with Wal-Mart employees and presented that agreement to the GDPS.  Id.  According to Plaintiff's allegations, the GDPS determined that SWS violated a GDPS regulation about non-consensual towing.  Id.  Finally, Plaintiff claims that Betsy Garner and Richard Garner provided fabricated documents (for example, false towing invoices) in the course of this litigation.  Id.

---

[1] Wal-Mart Real Estate Business Trust was a party to this action but has since been dismissed.  See [Doc. 44].

Plaintiff, who is proceeding *pro se*, commenced this action in the Superior Court of Gwinnett County on January 9, 2020. In August 2020, Plaintiff filed a First Amended Complaint, which is the operative complaint in this matter. See id. at 1. The First Amended Complaint brings the following seven claims against all Defendants, unless otherwise noted:

- Count One: common-law fraud – wire fraud;
- Count Two: common-law fraud – tampering with evidence, in violation of 18 U.S.C. §§ 1341 and 1343;
- Count Three: common-law fraud – tampering with evidence, against Richard Garner and SWS only;
- Count Four: conversion;
- Count Five: intentional infliction of emotional distress;
- Count Six: violations of civil rights under color of law; and
- Count Seven: violations of O.C.G.A. § 44-7-14.1, landlord's duties as to utilities.

Id. at 4–11. On September 14, 2020, Wal-Mart removed the matter to this Court on the basis of 28 U.S.C. § 1331. [Doc. 1, p. 3].

On February 22, 2021, Plaintiff filed an amended complaint naming various additional defendants without first seeking this Court's permission to amend. [Doc. 41]. Two groups of defendants filed separate motions to dismiss and/or strike or sanction the unauthorized amended complaint. See [Doc. 50]; [Doc. 52]. On March 25, 2021, the Court denied as moot both motions to dismiss. [Doc. 57]. In that order, the Court noted that Plaintiff failed to comply with Rule 15 of the

3

Federal Rules of Civil Procedure when attempting to amend his complaint, issued instructions to the parties for filing future motions and directed Plaintiff to file a motion seeking leave to amend. See id. at 2–3.

Following the March 25, 2021 order, Plaintiff filed at least ten motions, including, on April 2, 2021, a Motion for Leave to File a Second Amended Complaint ("Motion to Amend"). [Doc. 64]. In response to these numerous filings, the Court entered a case management order on May 26, 2021, denying as moot all pending motions except the Motion to Amend and instructing the parties to refrain from filing any motions until the Court ruled on the Motion to Amend. [Doc. 84].

On June 9, 2021, Plaintiff appealed the Court's May 26, 2021 order. [Doc. 86]. The Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal on September 17, 2021, for lack of jurisdiction. [Doc. 97, p. 1]. Following that decision, the parties continued to file motions, thus contravening the Court's May 26, 2021 order. See, e.g., [Doc. 98]; [Doc. 100]; [Doc. 102]. On October 7, 2021, Plaintiff filed another unauthorized amended complaint, also in violation of the Court's previous orders. [Doc. 99].

On May 18, 2022, the Court denied the Motion to Amend and struck the unauthorized amended complaint. [Doc. 103]. Defendants filed the instant Motion to Dismiss on June 7, 2022. [Doc. 104].

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). In determining whether an action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

Plaintiff is proceeding *pro se* in this action. As such, this Court has an obligation to "liberally construe" his pleadings. Sarhan v. Mia. Dade Coll., 800 F.

5

App'x 769, 771 (11th Cir. 2020). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). *Pro se* litigants must still comply with the Federal Rules of Civil Procedure. Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019). As such, a *pro se* plaintiff's complaint must comply with Rule 8 by making a short and plain statement of the claim showing that the plaintiff is entitled to relief. Id.

## ANALYSIS

Defendants first argue that the Complaint should be dismissed because it is a shotgun pleading. See [Doc. 104, pp. 6–11]. Because Plaintiff is *pro se* and this Court must construe his pleadings liberally, the Court will assume without deciding that the Complaint is not a shotgun pleading and will turn to whether it states a claim to relief. Because this action was removed to this Court on the basis of federal question jurisdiction, see 28 U.S.C. § 1331, the Court will begin by addressing Plaintiff's federal claims before considering Plaintiff's state-law claims.

**A.  Federal Claims**

    **1.  Count Two:  Fraud**

In Count Two, Plaintiff alleges that on February 25, 2018, Crystal Whittington and two Wal-Mart employees, at the behest of Richard Garner,

6

violated 18 U.S.C. §§ 1341 and 1343 by fabricating a towing agreement. [Doc. 3, pp. 5–6]. While allegations of fraud must meet a heightened pleading standard, see Fed. R. Civ. P. 9(b), the Court need not reach that issue here. Plaintiff may not bring a cause of action under these statutes in the first instance. See Am. Gen. Life & Accident Ins. Co. v. Ward, 509 F. Supp. 2d 1324, 1335 (N.D. Ga. 2007) ("The federal mail and wire fraud statutes do not, in and of themselves, create a private right of action."). Count Two is thus due to be dismissed.

### 2. Count Six: Civil Rights Claims Under Federal Law

In Count Six, Plaintiff alleges that Defendants violated a host of federal statutes, including 42 U.S.C. §§ 1982, 1983, 1985 and 1986. He also seeks attorney's fees under § 1988. It is unclear to the Court whether Plaintiff brings a claim under each individual statute, but in light of the liberal construction afforded *pro se* litigants, the Court will assume as much and will analyze each statutory claim separately.

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. A plaintiff bringing a claim under § 1982 "'must allege interference with some right involving real or personal property.'" Walker v. Park

Ave. Bank, No. 1:07-CV-2118, 2008 WL 842432, at *3 (N.D. Ga. Mar. 28, 2008) (quoting Bishop v. Toys "R" Us–NY LLC, 414 F. Supp. 2d 385, 395 (S.D.N.Y. 2006)). To support his § 1982 claim, Plaintiff offers only the conclusory assertion that "Defendants caused [him] damages . . . by denying [him] of the same right, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and/or convey real and personal property which includes intellectual property inter alia." [Doc. 3, p. 9]. This "formulaic recitation," Twombly, 550 U.S. at 555, of the statutory text is not enough to state a claim to relief under § 1982. See Rodriguez, 775 F. App'x at 602 (explaining that even for *pro se* pleadings, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002))).

To state a claim under § 1983, an individual must show that he suffered a constitutional violation by a person acting under color of state law. White v. Lemacks, 24 F. Supp. 2d 1373, 1375 (N.D. Ga. 1998). According to the allegations in the Complaint, SWS is a Georgia corporation that employs Richard Garner, Betsy Garner and Crystal Whittington. [Doc. 3, pp. 1–2]. If a private actor is "so allied with the state as to characterize that party as a 'state actor'" under the Fourteenth Amendment, that private actor may be considered to have

8

acted under color of state law for the purposes of § 1983. Brandon v. Lockheed Martin Aeronautical Sys., 393 F. Supp. 2d 1341, 1355 (N.D. Ga. 2005). Here, though, Plaintiff alleges no facts to suggest that Defendants have any relationship with the state, let alone one that would suffice for § 1983 liability. Because Defendants are private parties, Plaintiff cannot show that they acted under color of state law, and his § 1983 claim necessarily fails.

Section 1985 provides a remedy for conspiracies to violate civil rights. See Kivisto v. Miller, Canfield, Paddock & Stone, PLC, 413 F. App'x 136, 140 (11th Cir. 2011). To state a claim under § 1985(3), Plaintiff must allege

> (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) resulting in an injury to person or property, or a deprivation of any right or privilege of a citizen of the United States.

Id. To show the second element, Plaintiff must establish "that the deprivation of rights or privileges occurred as a result of 'some racial, or . . . otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" Id. (alteration in original) (quoting Childree v. UAP/GA AG CHEM, Inc., 92 F.3d 1140, 1147 (11th Cir. 1996)).

Plaintiff alleges in the Complaint that Defendants operate a "towing scheme" and that an individual (who, notably, is no longer a party to this litigation)

9

selected him as a target for this scheme because he is an "[out-of-state] minority who looked to have little or no money." [Doc. 3, p. 3]. Plaintiff does not offer any other facts showing the existence of a conspiracy or of any class-based or invidious, discriminatory animus underlying Defendants' actions. In the absence of any such particularized allegations, Plaintiff failed to state a claim to relief under § 1985.

Under § 1986, a plaintiff may bring a cause of action against an individual who (1) has knowledge of a conspiracy under § 1985, (2) possesses the power to prevent or to aid in preventing the commission of the conspiracy and (3) neglects to do so. See § 1986. Such claims "are therefore derivative of § 1985 violations." Park v. City of Atlanta, 120 F.3d 1157, 1160 (11th Cir. 1997). Because Plaintiff did not state a § 1985 claim, his derivative claim under § 1986 fails, too.

Finally, § 1988 allows a plaintiff to recover reasonable attorney's fees in any action to enforce, among other statutory provisions, §§ 1982, 1983 and 1986. Plaintiff's claims under these provisions are due to be dismissed, and thus he is not entitled to proceed on a claim for attorney's fees under § 1988. For the foregoing reasons, Count Two is subject to dismissal.

**B.     State-Law Claims**

Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise supplemental jurisdiction if all claims over which the Court has original jurisdiction have been dismissed.  The Court has dismissed Plaintiff's federal claims, the sole matters for which this Court held original jurisdiction.  As such, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims.  See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well."); see also Estate of Owens v. GEO Grp., Inc., 660 F. App'x 763, 775 (11th Cir. 2016) ("[The Eleventh Circuit] has repeatedly said that, when all of the federal claims have been dismissed pretrial, Supreme Court case law 'strongly encourages or even requires dismissal of the state claims.'" (quoting L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984))).

### CONCLUSION

Defendants' Motion to Dismiss [Doc. 104] is **GRANTED**.  Plaintiff's federal claims (Counts Two and Six) are **DISMISSED WITH PREJUDICE**.[2]

---

[2] "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"  Federated Dep't Stores, Inc. v. Moitie, 452 U.S.

Plaintiff's state-law claims (Counts One, Three, Four, Five and Seven) are **DISMISSED WITHOUT PREJUDICE**.[3]  All pending motions are **DENIED**.  The Clerk is **DIRECTED** to close the case.

    **SO ORDERED** this 30th day of November, 2022.

_____
J. P. BOULEE
United States District Judge

---

394, 399 n.3 (1981).  Therefore, such dismissals are with prejudice.  See Woodson v. Eleventh Jud. Cir. in & for Mia. Dade Cnty., 791 F. App'x 116, 119 (11th Cir. 2019).

[3] "When a court decides not to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court."  Ingram v. Sch. Bd. of Mia.-Dade Cnty., 167 F. App'x 107, 109 (11th Cir. 2006).