UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALBERT ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> STATEWIDE WRECKER SERVICE, INC., RICHARD JOEL GARNER, BETSY ANNETTE GARNER and CRYSTAL WHITTINGTON, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:20-CV-03786-JPB |

## ORDER

This matter is before the Court on Albert Robinson's ("Plaintiff") Motion for Relief under Rule 60 (the "Rule 60 Motion") [Doc. 131], in addition to other motions filed by Plaintiff [Doc. 130] [Doc. 136]. This Court finds as follows:

## BACKGROUND

Plaintiff, who is proceeding *pro se*, commenced this action in the Superior Court of Gwinnett County on January 9, 2020.[1] Plaintiff alleged that Defendants—collectively, Statewide Wrecker Service ("SWS") and three SWS employees,

---

[1] Because Plaintiff is proceeding *pro se*, this Court has an obligation to "liberally construe" his pleadings. Sarhan v. Mia. Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020). Plaintiff must nevertheless comply with the Federal Rules of Civil Procedure. Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019).

Richard Garner, Betsy Garner and Crystal Whittington—stole his property in a purported towing fraud scheme. The case was removed to this Court on September 14, 2020. [Doc. 1]. Following a series of motions filed by Plaintiff that ultimately necessitated a case management order, the Court granted Defendants' motion to dismiss on November 30, 2022 (the "November 30, 2022 Order").[2] See [Doc. 128]. The Clerk of Court thus entered judgment in favor of Defendants on December 1, 2022. [Doc. 129].

In the instant motion, Plaintiff argues that he is entitled to relief under Rule 60(a) of the Federal Rules of Civil Procedure because the Court's November 30, 2022 Order contains a clerical error and under Rule 60(b) on the grounds of newly discovered evidence. [Doc. 131].

## DISCUSSION

Federal Rule of Civil Procedure 60(a) allows the court, by motion or on its own and with or without notice, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Plaintiff argues that he is entitled to

---

[2] The Court's November 30, 2022 Order sets forth a more detailed explanation of the factual and procedural history of this case, which is incorporated by reference herein. [Doc. 128, pp. 1–5].

relief under Rule 60(a) because certain individuals that he alleges are not parties were listed as defendants in this case.

Plaintiff appears to claim that the Court's November 30, 2022 Order contains a clerical error because it relies on the incorrect complaint and thus names non-parties as defendants. Plaintiff is incorrect. After affording Plaintiff an opportunity to amend his complaint, the Court determined that Plaintiff's proposed amendment would be subject to dismissal as futile. [Doc. 103]. The Court thus held that the operative pleading was the latest filed complaint on the docket in this Court, which was Plaintiff's First Amended Complaint in state court.[3] See [Doc. 3]. That pleading named SWS, Richard Joel Garner, Betsy Annette Garner, Lashane T. Grice, Daphne Richardson, Crystal Wittington and Wal-Mart Real Estate Business Trust as defendants. Id. Lashane T. Grice, Daphne Richardson and Wal-Mart Real Estate Business Trust were dismissed on February 24, 2021, [Doc. 44], and the docket reflects that those parties were terminated as of that date. Accordingly, the Court did not rely on the incorrect complaint, and the Court's

---

[3] Although unclear, Plaintiff seems to contend that the state court had not granted Plaintiff leave to file this complaint and that consequently this Court should not have referenced that pleading. This does not appear to be the case. Three defendants filed an answer in state court to the First Amended Complaint on August 28, 2020. See [Doc. 1-1, p. 52].

3

November 30, 2022 Order does not name non-parties as defendants. To the extent that the Rule 60 Motion seeks relief under Rule 60(a), the motion is **DENIED**.[4]

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to "relieve a party . . . from a final judgment, order, or proceeding" for a number of reasons, including because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). A party seeking relief under Rule 60(b) must establish the following five elements:

> (1) the evidence was newly discovered since the final judgment; (2) the movant acted with due diligence to discover the new evidence; (3) the evidence is not merely cumulative; (4) the evidence is material; and (5) the evidence is such that a reconsideration of the final judgment would probably produce a new result.

Jones v. Comm'r of Soc. Sec. Admin., Mia. S Region, 497 F. App'x 888, 891 (11th Cir. 2012). Relief under Rule 60(b)(2) is an extraordinary measure and requires strict adherence to these elements. Scutieri v. Paige, 808 F.2d 785, 793 (11th Cir. 1987); see also Sneed v. Pan Am. Hosp., 435 F. App'x 839, 841 (11th Cir. 2011).

---

[4] Plaintiff filed a motion asking this Court to remove the names of "non-parties" from the docket, [Doc 130], that repeats many of the arguments Plaintiff makes on the Rule 60(a) issue. That motion is **DENIED** for the reasons set forth herein.

Plaintiff claims that he has newly discovered evidence showing that SWS did not obtain a non-consensual towing permit until after Plaintiff's property was allegedly towed without his consent. [Doc. 131-1, p. 6]. Plaintiff has not, however, shown that he is entitled to relief under Rule 60(b). For instance, Plaintiff has not established that he discovered this evidence after the Court's November 30, 2022 Order or that this evidence is material to his previously dismissed claims. Although Plaintiff alleges that he "has been blacklisted by the state court" and was "having a hard time . . . obtain[ing] evidence and records from the state of Georgia," id., this assertion does not show the Court that Plaintiff acted with due diligence to uncover the evidence at issue. Cf. Scutieri, 808 F.2d at 794 ("Evidence that is contained in the public records at the time of trial cannot be considered newly discovered evidence."). Perhaps most importantly, Plaintiff failed to show that the evidence is such that reconsidering the Court's prior order would likely produce a different result. Because Plaintiff did not show that he is entitled to relief under Rule 60(b), the Rule 60 Motion on that basis is **DENIED**.

Finally, although not framed as a basis for relief under Rule 60, Plaintiff seems to argue that the removal of this case was improper because the removing defendants were not proper parties to the state court case. Plaintiff thus requests

5

that the instant case be remanded based on defects in the removal.[5] See [Doc. 131-1, p. 9]. Plaintiff has not given this Court any reason to think that the removal of this case was improper. That aside, Plaintiff's request is untimely; a motion to remand based on a defect other than lack of subject matter jurisdiction must be made within thirty days of the filing of a notice of removal. See 28 U.S.C. § 1447(c). The Notice of Removal in this case was filed on September 14, 2020. [Doc. 1]. Any request to remand based on defects in that notice is well beyond the time period permitted under § 1447(c). Moreover, Plaintiff's claims in this Court have been dismissed; as such, there is no matter to be remanded. Importantly, Plaintiff's state-law claims were dismissed without prejudice, permitting Plaintiff to pursue those claims in state court. Ingram v. Sch. Bd. of Mia.-Dade Cnty., 167 F. App'x 107, 109 (11th Cir. 2006). Consequently, to the extent Plaintiff seeks remand, that request is without merit.

---

[5] Plaintiff also contends that he dismissed his § 1983 claims on June 9, 2022, and argues that this dismissal deprived this Court of federal jurisdiction. [Doc. 131-1, p. 5]. On June 9, 2022, Plaintiff purported to withdraw all of his § 1983 claims, "thus only leaving the remaining state court claims." [Doc. 107, p. 1]. Plaintiff's June 9, 2022 filing, however, was an unauthorized amendment of Plaintiff's complaint, did not effectively withdraw any of Plaintiff's claims and had no effect on this Court's jurisdiction.

6

## CONCLUSION

For the reasons set forth above, Plaintiff's pending motions [Doc. 130] [Doc. 131] [Doc. 136] are **DENIED**.

**SO ORDERED** this 22nd day of May, 2023.

_____
J. P. BOULEE
United States District Judge